NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDIE HOWARD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7044

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3512, Chief Judge Bruce E. Kasold.

---

**ON MOTION**

---

Before GAJARSA, MAYER and PROST, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Eddie Howard's appeal from the United States Court of Appeals

for Veterans Claims' judgment in *Howard v. Shinseki*, 08-3512, for lack of jurisdiction.

Howard served on active duty in the U.S. Marine Corps from June 1967 until his dishonorable discharge in March 1970. In May 1979, a Department of Veterans Affairs regional office (RO) denied Howard entitlement to disability benefits for post traumatic stress disorder (PTSD) based on his discharge status. Although that determination became final when Howard failed to perfect his appeal with the Board, the matter was reopened in 2004 after Howard had submitted new and material evidence. In light of the full evidence of record, the RO awarded Howard entitlement to service-connected disability benefits for his PTSD and changed his status to honorably discharged. The RO assigned the effective date of his award as January 28, 2002 – the date of receipt of his claim to reopen.

Seeking an earlier effective date, Howard argued that the May 1979 RO decision denying him benefits based on his discharge status should be revised because it rested on clear and unmistaken error (CUE). The Board of Veterans' Affairs denied that request on the basis that the change in discharge status did not rest on a clear legal error but rather a reweighing all of the facts and evidence now of record. On appeal, the Court of Appeals for Veterans Claims affirmed.

Although Howard seeks this court's review in order to grant his request to award him an earlier effective date, this court's jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims is limited. *See* 38 U.S.C. § 7292; *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In light of this court's jurisdictional limitations, we must dismiss Howard's appeal. Howard's informal brief does not make any argument that his appeal involves the validity or interpretation of a statute or regulation. Howard also admits that his appeal does not involve any constitutional issue that this court may have authority to review. To the extent that Howard argues that the Court of Appeals for Veterans Claims misapplied the law of CUE to the facts of his case, that challenge is also outside of this court's limited jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

___JUN 2 2 2011___              /s/ Jan Horbaly
      Date                      Jan Horbaly
                                Clerk

cc: Eddie Howard
    Tara K. Hogan, Esq.

s20

Issued As A Mandate:  __JUN 2 2 2011__

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 2 2 2011

JAN HORBALY
CLERK